UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HEATHER MOLL,<br><br>    Plaintiff,<br><br>v.<br><br>GLEN A. STINSON and MARLENA STINSON, individually, and d/b/a STINSON PROPERTIES,<br>5528-5530 HOMER WHITE, LLC,<br>IDEALINE MARKETING AND PRODUCTS, INC. d/b/a CALIBRATION BREWERY,<br>CALIBRATION BREWERY COMPANY,<br>CALIBRATION 119 BREWERY,<br>CALIBRATION BREW HUB,<br><br>    Defendants. | Case No. 4:19-cv-00563-NKL |

**ORDER**

Pending before the Court are Plaintiff's motion for entry of default, Doc. 11, Plaintiff's motion to strike the Answers of Defendants Glen A. Stinson, Marlena Stinson, 5528-5530 Homer White, LLC, Idealine Marketing and Products, Inc., Calibration Brewery Company, Calibration 119 Brewery, and Calibration Brew Hub, Doc. 20, and Defendants' motion for leave to file Answers to Complaint out of time, Doc. 21. For the following reasons, Plaintiff's motion for entry of default judgment and motion to strike Defendants' Answers are denied, and Defendants' motion for leave to file Answers out of time is granted.

**I. Background**

On July 17, 2019, Plaintiff Heather Moll filed this action against Defendants Glen A. Stinson, Marlena Stinson, 5528-5530 Homer White, LLC, Idealine Marketing and Products, Inc., Calibration Brewery Company, Calibration 119 Brewery, and Calibration Brew Hub, alleging

1

violations of Title VII of the Civil Rights Act of 1964, the Missouri Human Rights Act, the Fair Housing Act, the Fair Labor Standards Act of 1938, and Missouri labor law § 290.500, *et seq*. The Complaint states that as an employee and a tenant of Defendants, Moll experienced gender discrimination, sexual harassment, denial of minimum wage and overtime wages, unlawful termination, uninhabitable housing, and unlawful eviction. Doc. 1 (Complaint), ¶¶ 45–84.

Defendant Marlena Stinson was properly served on July 31, 2019, and all other Defendants were properly served on August 1, 2019. On August 15, an attorney who had previously been retained by Defendants requested the current defense counsel to assist with filing a single Answer to Moll's Complaint for all seven Defendants, because he did not have access to the electronic case filing system. The first attorney incorrectly informed current counsel that the Answers were due in ten days. At that time, current defense counsel was out of the country, and he informed the attorney he would be unable to assist until his return on August 21. Defendants failed to file their Answers by the August 21 and 22 deadlines pursuant to Federal Rule of Civil Procedure 12(a)(1)(A).

On August 23, the Court Clerk informed current defense counsel that it would be improper for him to file another attorney's Answer with the Court, and that the true deadlines for filing Defendants' Answers had already passed. Current defense counsel then immediately contacted Moll's counsel seeking consent for an extension. On August 27, Moll's counsel informed defense counsel she could not consent to any extension of time and that same day filed her motion for entry of default. Doc. 11. Over the next seven days, current defense counsel met with Defendants to prepare seven individual Answers, which were filed on September 4 without counsel's seeking leave from the Court. On September 6, Moll filed a motion to strike Defendants' Answers on the grounds that they failed to seek leave of court to file Answers out of

time or provide a sufficient justification. Doc. 20. That same day, Defendants responded by filing a motion for leave to file Answers out of time. Doc. 21. Defense counsel states that he was unable to file a motion for leave to file out of time along with the Answers, because he was ill and unable to come into his office to notarize the affidavit that he intended to attach to his motion for leave to file Answers out of time.

## II. Discussion

### a. Motion for Entry of Default

Moll moves for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Moll initially moved for entry of default prior to Defendants' filing their Answers, but in her reply brief, she maintains that she is entitled to entry of default despite the belatedly-filed answers because Defendants did not do all they reasonably could to comply with the pleading deadlines and have failed to show they are entitled to an extension of those deadlines. Moll contends that their behavior constitutes willful delay that justifies an entry of default.

Federal Rule of Civil Procedure 55 permits a party to seek default judgement against a Defendant who has failed to plead or otherwise defend in an action against him. Fed. R. Civ. P. 55(a). Generally disfavored, entry of default judgment is appropriate when a party's conduct exhibits "willful violations of court rules, contumacious conduct, or intentional delays." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal quotation and citation omitted). "[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Id*. (internal quotation omitted). "[T]here is a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999). The decision is left to the "sound discretion" of the Court. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977).

3

Defendants delayed filing their Answers by fourteen days.  This delay does not appear to have been a willful violation of a court rule or the product of an intent to delay the proceeding.  Rather, it was the result of a miscommunication between counsel as well as the new defense counsel's need to become familiar with the case.  Prior defense counsel claimed he did not have access to the electronic filing system, and once the newly hired defense counsel learned of the lapsed deadline, he made reasonable efforts to write and file the required Answers for all seven Defendants.  This is a "marginal failure to comply with time requirements," not the type of contumacious or intentional conduct that would warrant a default judgment.  *See, e.g.*, *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (default judgment appropriate in light of Defendant's "total failure to comply with numerous court orders and with [Plaintiff's] discovery requests"); *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997) (default judgment warranted where Defendant "watched the litigation from afar for over seven months, apparently without any intention of entering an appearance or defending the action").

While the Court does not condone Defendants' delay and subsequent filing without first seeking leave from the Court, given the judicial preference for adjudication on the merits, entering default under these circumstances would be "disproportionate to [Defendants'] transgression."  *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (finding that dismissal with prejudice in response to Plaintiff counsel's repeated failures to comply with court orders would be a disproportionate response).  *See also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784–85 (8th Cir. 1998) (stating that while the court did "not approve of this sort of cavalier approach to litigation," it would nonetheless reverse a finding of default where "poor communication" resulted in delay that was "careless….[b]ut it was not contumacious, it did not exhibit an intentional flouting or disregard of the court and its procedures, and it only briefly delayed the

litigation"); *Kocenko v. Buskirk*, 56 F.R.D. 14, 16 (E.D. Pa. 1972) (finding that while "the Court can in no way condone the inordinate [ten month] delay which has attended the defendant's filing of an answer in this action, we nevertheless are guided by the conscience of the Court to seek disposition of cases on the merits"). By filing Answers and a motion for leave to file Answer out of time, albeit belatedly, Defendants have demonstrated an intent to defend. Therefore, Moll's motion for entry of default is denied.

### b. Motion for Leave to File Answers Out of Time and Motion to Strike Defendants' Answers [1]

Defendants concede that they failed to file within the time required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). However, they assert that they should be given leave to file their Answers out of time because the miscommunication between and transition in defense counsel constitutes excusable neglect. Defendants acknowledge that perhaps they should have waited to file the Answers until they had filed their motion for leave to file Answers out of time, but they argue that they were merely attempting to "demonstrate the eagerness of Defendants to participate fully in this case." Doc. 33 (Defendants' Response to Plaintiff's Motion to Strike), ¶ 13. In opposition, Moll asserts that Defendants' failure to seek leave prior to filing their Answers constitutes willful disregard for the rules of this Court, and that they have not demonstrated excusable neglect.

Federal Rule of Civil Procedure 6(b) permits the Court to "for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable

---

[1] In support of her motion to strike Defendants' Answers, Moll predominantly argues that Defendants have failed to meet the "excusable neglect" standard of Federal Rule of Civil Procedure 6(b), because "delay tactics cannot constitute excusable neglect but rather demonstrate a willful disregard for the procedures and authority of this Court." Doc. 20 (Motion to Strike), p. 4. The excusable neglect standard of Rule 6(b) is the standard for evaluating Defendants' motion for leave to file Answers out of time. Therefore, these two motions are considered together.

neglect." Fed. R. Civ. P. 6(b). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. Factors to be considered include "prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019).

Moll has not demonstrated that the delay has prejudiced her. The fourteen-day delay at this early stage of the litigation was minimal. Defendants' explanation—that the delay was the result of a miscommunication between transitioning defense counsel and the time required for new defense counsel to adequately draft Answers for each of the seven Defendants—indicates that the delay was inadvertent and not in bad faith. *See Piccinino v. Papa John's, USA, Inc.*, No. 4:18-CV-1197-SPM, 2018 WL 4853122, at *2 (E.D. Mo. Oct. 5, 2018) (holding that where a miscommunication between lead counsel and an associate was an inadvertent mistake, not bad faith, a four-day delay without an indication of prejudice or impact on proceedings warranted granting motion for leave to file Answer out of time). When current defense counsel learned of the true deadline on August 23, it had already passed, and he immediately consulted with Plaintiff's counsel to request consent to an extension. This behavior reflects not an intentional flouting of the rules of the Court, but rather, some combination of "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control," which permits a finding of excusable neglect. *See Chorosevic,* 600 F.3d at 946.

Additionally, should the Court strike Defendants' Answers and refuse to grant their motion to file out of time, the consequence would be an entry of default, which the Court has already determined is inappropriate here in response to a "marginal failure to comply with time requirements." *Ackra Direct Marketing Corp.*, 86 F.3d at 856 (internal quotation and citation omitted). *See also Chorosevic*, 600 F.3d at 947 (finding that where denial of leave to file an Answer out of time would result in a default judgment that would be "a severe penalty unmatched by any prejudice to [plaintiff]," this denial would contravene "the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process" (internal quotations and alterations omitted)).

In sum, in light of the lack of prejudice to Moll, Defendants' subsequent good faith efforts to remedy the delay, and the consequence that would follow denying Defendants' request, the Court grants Defendants' motion for leave to file Answers out of time, and Plaintiff's motion to strike Defendants' Answers is denied.

## III. Conclusion

For the reasons discussed above, Plaintiff's motion for entry of default and motion to strike Defendants' Answers are DENIED, and Defendants' motion for leave to file Answers out of time is GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: October 18, 2019
Jefferson City, Missouri